# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH DAVIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SAM CLINE, et al., )<br>)<br>Respondents. )<br>_____) | CIVIL ACTION<br><br>No. 06-3127-KHV |

## ORDER

On May 24, 2007, the Court entered a Memorandum And Order (Doc. #14) which overruled petitioner's request for habeas corpus relief under 28 U.S.C. § 2254. This matter comes before the Court on petitioner's Request For A Certificate Of Appealability (Doc. #18) and Motion To Proceed In Forma Pauperis For Purposes Of The Appeal (Doc. #19), both filed June 21, 2007.

### A.    Motion For Certificate Of Appealability

The denial of a Section 2254 petition is not appealable unless the circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that his motion raises issues that are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997).

Petitioner asserts that his Section 2254 motion raises issues which are debatable among jurists. As to whether the prosecution's failure to disclose exculpatory evidence violated petitioner's

constitutional right to due process, the Court agrees. Although the Court ruled against petitioner on this claim, the record presents a matter upon which reasonable jurists could differ. Appellate review on this issue is therefore warranted.

As to whether counsel was ineffective, for reasons stated in the Memorandum And Order (Doc. #14) at 23-25, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, his request for a certificate of appealability on this issue is overruled.

### B.    Motion To Proceed In Forma Pauperis

To proceed in forma pauperis, petitioner must demonstrate "a financial inability to pay the required fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (citation omitted). Counsel for petitioner states that he believes that petitioner does not have funds to pay the $455 appellate filing fee, and that he is in the process of obtaining information regarding the balance in petitioner's prison account. See Motion To Proceed In Forma Pauperis For Purposes Of The Appeal (Doc. #19) at 2. To show financial inability to pay, petitioner must submit an affidavit which includes a statement of all assets which he possesses and a certified copy of his prison account statement for the six-month period immediately preceding the filing of his notice of appeal. See 28 U.S.C. § 1915(a)(1) and (2). Petitioner has not done so. The Court therefore overrules his motion without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's Request For A Certificate Of Appealability (Doc. #18) filed June 21, 2007 be and hereby is **SUSTAINED in part.** The Court grants a certificate of appealability on the issue whether the prosecution violated petitioner's

constitutional right to due process by failing to disclose exculpatory evidence.  Petitioner's request is otherwise overruled.

**IT IS FURTHER ORDERED** that petitioner's Motion To Proceed In Forma Pauperis For Purposes Of The Appeal (Doc. #19) filed June 21, 2007 be and hereby is **OVERRULED without prejudice.**

Dated this 26th day of July, 2007 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge